UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ALAN CLYDE STEELE, | ) | Civ. 06-5087-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER GRANTING** |
| MEADE COUNTY JAIL OFFICIALS; | ) | **MOTION FOR SUMMARY** |
| CITY OF STURGIS; | ) | **JUDGMENT FOR** |
| MEADE COUNTY SHERIFF'S | ) | **MEADE COUNTY,** |
| DEPARTMENT; | ) | **TOM WILTS, JERRY PRICE,** |
| DR. SEANN M. ATKINSON; | ) | **AND LAURINDA HATHORN** |
| OFFICER DREW GROTTI; | ) | |
| TOM WILTS, Jail Administrator; | ) | |
| JERRY PRICE; | ) | |
| LAURINDA HATHORN | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Alan Clyde Steele, filed this action under 42 U.S.C. § 1983 seeking remedies for violations of his civil rights. Defendants Meade County Jail Officials, Meade County Sheriff's Department, Tom Wilts, Jerry Price and Laurinda Hathorn filed a motion for summary judgment. Docket 51-53; see also Docket 95 (ordering that summary judgment motion apply to recently-added Defendants Price and Hathorn). Plaintiff has responded to this motion for summary judgment. Docket 108-111. All the briefing has been received and the matter is now ripe for disposition.

## BACKGROUND

The facts most relevant to this summary judgment, viewed in the light most favorable to Plaintiff, are as follows:

Plaintiff was arrested on November 20, 2004, in his home. He was

transported to the Meade County Jail that same day, where he came into contact with corrections officer Jerry Price.  Plaintiff informed jail staff that his doctor had prescribed several medications for chronic pain, that he ingested this pain medication several times a day, and that the prescriptions were on file at the WalMart store in Rapid City.  Plaintiff was told by jail staff that the two bottles of medication police had taken from his home appeared to be expired, and therefore the jail would not distribute this medication to him.  He asked Meade County Jail officials to retrieve the active prescriptions from his home, but Plaintiff states that they refused this request.

Meade County Jail medical officer Laurinda Hathorn called the pharmacy at WalMart to inquire about Plaintiff's prescriptions.  The WalMart pharmacist advised her "that without the medications [Plaintiff] would be going through withdrawals soon with a very real possibility of dying."  Meade County Jail Incident Report, Docket 108-3.  The next time Price spoke to Plaintiff, he told Price that he was starting to go through withdrawal from the pain medication.  Price arranged for Plaintiff to be taken to the emergency room, where he saw Dr. Seann Atkinson, another Defendant in this case.  Atkinson examined Plaintiff and told him that he would not prescribe any narcotics for him at that time, and Plaintiff returned to the jail.  Atkinson also communicated to jail officials that he did not prescribe any medication for Plaintiff and that Plaintiff's existing prescriptions for narcotics were excessive. Price contacted Chief Deputy Tom Wilts about how to address Plaintiff's medical concerns; they agreed to closely supervise Plaintiff and provide him

2

with orange juice or sugar. Plaintiff was placed in a solitary cell, and he states that he made several complaints to jail staff "and was very sick and disoriented and recalls his complaints falling on deaf ears." Docket 108, page 4.

At about noon on November 21, 2004, Plaintiff's family brought to the jail an active prescription for oxycodone, one of the three medications for which Plaintiff had a prescription. After verifying the prescription through the Walmart pharmacy, the Meade County Jail began to provide Plaintiff with this medication as prescribed. On the afternoon of November 24, 2004, Plaintiff was released from jail.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact

exists. In determining whether a genuine issue of material fact exists, the court views the evidence presented based upon which party has the burden of proof under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## DISCUSSION

The Complaint lists as Defendants Meade County Jail Officials, the Meade County Sheriff's Department, jail administrator Tom Wilts, corrections officer Jerry Price, and medical officer Laurinda Hathorn. Plaintiff specifies that he is suing all persons in their individual and official capacities.

**A.      Official Capacities**

Suits against officials in their official capacities are interpreted as suits against the governmental entity, or Meade County. See Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). A governmental entity is not vicariously liable under § 1983 for the unconstitutional acts of its employees. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Instead, to impose § 1983 liability on a governmental entity, a plaintiff must identify an unconstitutional municipal policy or custom which caused the plaintiff's injury. Board of the County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). For pretrial detainees like Plaintiff, any unconstitutional conditions of their confinement violate the Fourteenth Amendment, which provides the same protection to pretrial detainees that the Eighth Amendment provides to imprisoned convicts. Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007).

In this matter, reading the complaint broadly, the Court believes that Plaintiff first contests the jail policy of refusing to issue prisoners outdated medication. The Court does not believe that such a policy is unconstitutional, and agrees with Meade County that the jail has many persuasive interests in ensuring that prisoners are not given outdated medication. Here, two prescription bottles filled with pills were taken from Plaintiff's home after he was arrested for possession of a controlled substance. The jail staff determined that the prescriptions on these pill bottles were outdated, and it appears to this Court that jail staff had no way of determining whether the pills in the bottle were indeed the prescribed pills in the first place. Because the Court believes that the jail has strong interests in preventing the introduction of contraband or dangerous substances into the jail and in ensuring the health and safety of its inmates, and because Plaintiff has failed to provide any support for his proposition that such a policy is unconstitutional, the Court finds that the jail policy of prohibiting inmate access to outdated prescriptions did not violate Plaintiff's civil rights.

The Court also reads Plaintiff's complaint as challenging the jail custom or policy of providing medical care in accordance with the directions of a doctor whose services have been provided by the jail, even when that doctor's recommended course of treatment differs from the prisoner's own physician.[1]

---

[1] It is unclear whether this conduct was in accordance with a jail custom or a jail policy. It does appear that the doctor visit was in accordance with jail policy, as the Court concludes that Meade County officials followed the procedure in their manual labeled "Emergency care by staff" to secure an

5

After Atkinson's examination of Plaintiff, jail staff provided medical care to Plaintiff consistent with the Atkinson's recommendation. It is unclear whether this decision to act in accordance with Atkinson's recommendation is a policy or custom of the jail. However, regardless of which label applies, providing treatment to an inmate in accordance with a doctor's advice is not unconstitutional. See Steele v. Weber, 2008 WL 2098059, at *1 (8th Cir. May 20, 2008) (unpublished opinion) (stating that since the record shows "a mere disagreement with the course of treatment" prescribed by prison doctors, that no Eighth Amendment violation occurred); Vaughn v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (stating that plaintiff "has proved nothing more than a disagreement as to the proper course of treatment, which is not actionable under the Eighth Amendment"); see also Ham v. Pennington County Bd. of Comm'rs, 158 Fed. Appx. 761 (8th Cir. 2005) (affirming summary judgment for defendants when plaintiff "did not allege an unconstitutional policy, and he did not present evidence establishing an unconstitutional custom, or pervasive misconduct, sufficient to hold the [governmental entity] liable").

      Additionally, the Court notes that Plaintiff requests injunctive relief in his petition, seeking a court order requiring Defendants to "[r]efrain from

---

appointment with Dr. Atkinson. See Docket 51-8, page 3 (providing that if an inmate's emergency condition worsens, that the jail will seek medical care from the Sturgis Medical Center if necessary). The jail policy, however, does not specify how jail employees should provide medical care after such a doctor visit occurs, beyond saying that "The Meade county jail will provide for proper and adequate medical care." Id. at 1.

denying Pretrial Detainees their Lawfully prescribed prescription pain medications." As Plaintiff is no longer an inmate at the Meade County Jail, he does not have standing to seek such a remedy. Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119-20 (8th Cir. 2007). Therefore, summary judgment for Defendants on Plaintiff's request for injunctive relief is further justified.

As Plaintiff has failed to allege facts which would impose § 1983 liability upon Meade County as a governmental entity, summary judgment is required for those claims against Meade County Jail Officials, Meade County Sheriff's Department, and Wilts, Price, and Hathorn in their official capacities.

**B.    Individual Capacities**

Plaintiff has also named three Meade County employees – Wilts, Price, and Hathorn – in their individual capacities. In evaluating whether prison officials failed to provide pretrial detainees with adequate medical care in violation of the Fourteenth Amendment, the officials must have exhibited deliberate indifference to an inmate's serious medical needs, by intentionally delaying or denying access to medical care or by intentionally interfering with prescribed treatment. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Meuir, 487 F.3d at 1118. To prove deliberate indifference, "an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Hartsfield v. Colburn, 491 F.3d

7

394, 396 (8th Cir. 2007); see also Estelle, 429 U.S. at 106; Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (discussing this standard as requiring both an objective knowledge of the facts giving rise to the substantial risk and a subjective state of mind disregarding this risk).  The standard of deliberate indifference "is akin to criminal recklessness and requires something more than mere negligent misconduct." Drake v. Koss, 445 F.3d 1038, 1042 (8th Cir. 2006); Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002) (stating that medical malpractice is insufficient to demonstrate deliberate indifference).

     Here, viewing the facts in the light most favorable to Plaintiff, the jail officials knew of Plaintiff's active prescriptions for pain medication; knew that withdrawal symptoms from these medications could be life-threatening; refused to issue him prescriptions they believe to be outdated; transported him to the emergency room for medical care approximately six hours after his arrest; provided him with medical care consistent with the recommendations of the examining doctor; and issued regular dosages of the active prescription they received from Plaintiff's family.

     The Court does not believe that jail officials ignored the risks to Plaintiff's health of which they were aware; instead, they sought treatment for Plaintiff when they transported him to the emergency room to be examined by Atkinson.  In their subsequent conduct toward Plaintiff, the jail employees reasonably relied on the advice of a trained medical professional in providing medical care, and such reasonable reliance, while it could possibly be

negligent in some situations, is certainly not deliberately indifferent in this case. Drake, 445 F.3d at 1042 (citing Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002)); cf Gordon v. Frank, 454 F.3d 858, 863 (8th Cir. 2006) (finding that officers were liable for unreasonably ignoring heart attack symptoms when they ignored the medical professional's assessment). Jail officials continued to monitor Plaintiff's health throughout his four-day stay at the jail and provide him with dosages of the active prescription in their possession. The Court does not believe that such conduct is deliberate indifference. See Pietrafeso v. Lawrence County, 452 F.3d 978, 983-84 (8th Cir. 2006) (finding no deliberate indifference even when jail officials failed to secure necessary prescriptions for inmate who died during asthma attack); cf. Gordon, 454 F.3d at 863 (finding deliberate indifference when correction officers knew of inmate's risk of heart failure and failed to initiate medical treatment when inmate complained of symptoms).

A mere difference of opinion over the course of medical treatment does not rise to the level of a constitutional violation. Meuir, 487 F.3d at 1118-19; Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002); Vaughan, 49 F.3d at 1346 (finding that plaintiff merely proved that prison doctors disagreed with the medications prescribed by his psychiatrist, which is not actionable). While Plaintiff has clearly alleged facts that demonstrate a difference of opinion between his doctor and Dr. Atkinson regarding appropriate treatment, Plaintiff has failed to demonstrate that the treatment the jail officials provided was not

9

reasonable or typical for his condition.  See DuBois v. Dooley, 2008 WL 2038251, at *1 (8th Cir. May 13, 2008) (stating that "DuBois did not show that physician assistant . . . provided him inappropriate treatment"); Hartsfield, 491 F.3d at 398 (stating that the prison doctor acted "reasonably" and "acted in accordance with recognized medical standards of care"); Meuir, 487 F.3d at 1119 (affirming summary judgment where treatment was provided and where plaintiff failed to demonstrate that treatment was inadequate); Smith v. Correctional Medical Services, 207 Fed. Appx. 737, 738 (8th Cir. 2006) (finding no deliberate indifference when "defendants provided typical care" for an ear infection).

    The Court notes that Plaintiff has made conclusory statements about the significant pain and withdrawal symptoms he suffered during his four days in the Meade County Jail.  See Docket 1, page 3; Docket 108, page 4.  However, it is not enough that Plaintiff show that he suffered from withdrawal symptoms as the result of his lack of access to his prescriptions; indeed, many people who are arrested for drug crimes suffer through withdrawal symptoms while in jail.  Instead, Plaintiff must demonstrate that the jail staff exhibited deliberate indifference when they chose to follow Dr. Atkinson's advice and refused to obtain all of Plaintiff's active prescriptions and provide him with dosages.  Even assuming that all facts favorable to Plaintiff are true, he cannot establish that such conduct was deliberate indifference.

    Finally, the Eighth Circuit has already evaluated a similar claim by this

Plaintiff against officials at the South Dakota State Penitentiary. Steele v. Weber, 2008 WL 2098059, at *1 (8th Cir. May 20, 2008) (unpublished). In that case, Plaintiff claimed an Eighth Amendment violation when prison officials refused to continue prescribing him the "high-dose narcotic pain medication he had been prescribed prior to his incarceration," in part because prison doctors believed these prescriptions were harmful to him based on his medical history and needs. Concluding that the record showed a "mere disagreement with the course of treatment" and failed to demonstrate that the prison's treatment was "unreasonable," the Eighth Circuit affirmed the district court's award of summary judgment to the defendants. Id. Here, as in that case, Plaintiff has only provided evidence of such a difference of opinion as to the proper course of treatment, and he has not demonstrated that the jail staff's efforts to provide medical care were unreasonable, much less deliberately indifferent.

For all of these reasons, the Court concludes that Wilts, Price, and Hathorn did not act with deliberate indifference in providing medical care to Plaintiff for his serious health care needs. Therefore, summary judgment as to these claims against them in their individual capacities must be granted.[2]

---

[2] In their motion for summary judgment, Defendants argue in the alternative that their actions are entitled to qualified immunity under these circumstances, and therefore summary judgment is required. Docket 53, page 4-5. As this Court has already found that no conduct by Defendants violated the Constitution, the Court need not consider whether qualified immunity applies. See Saucier v. Katz, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (stating that "[i]f no constitutional right would have been violated

Therefore, good cause appearing, it is hereby

ORDERED that Defendant Meade County's motion for summary judgment, Docket 51, is GRANTED.

Dated June 11, 2008.

                                      BY THE COURT:

                                      /s/ *Andrew W. Bogue*
                                      ANDREW W. BOGUE
                                      SENIOR DISTRICT JUDGE

---

were the allegations established, there is no necessity for further inquiries concerning qualified immunity").