UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ALAN CLYDE STEELE, ) | Civ. 06-5087-AWB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER GRANTING** |
| MEADE COUNTY JAIL OFFICIALS; ) | **MOTION FOR** |
| CITY OF STURGIS; ) | **SUMMARY JUDGMENT FOR** |
| MEADE COUNTY SHERIFF'S ) | **CITY OF STURGIS AND** |
| DEPARTMENT; ) | **DREW GROTTI** |
| DR. SEANN M. ATKINSON; ) | |
| OFFICER DREW GROTTI; ) | |
| TOM WILTS, Jail Administrator; ) | |
| JERRY PRICE; ) | |
| LAURINDA HATHORN ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Alan Clyde Steele, filed this action under 42 U.S.C. § 1983 seeking remedies for violations of his civil rights. On May 14, 2008, Defendants City of Sturgis and Officer Drew Grotti have filed a motion for summary judgment and supporting documents. Docket 122-125. Plaintiff has failed to file any response to that motion and has not requested an extension of the deadline to respond to this motion.

The Local Rules of Practice state:

> On or before 20 days after service of a motion and brief, unless otherwise specifically ordered by the Court, all opposing parties shall serve and file with the Clerk briefs containing the specific points or propositions of law with authorities in support thereof in opposition to that motion.

D.S.C. CIR. LR 7.2(A). The Court's standing order also states that parties opposing all motions "shall file and serve answering materials and briefs

within twenty days." Docket 44, page 3.  Federal Rule of Civil Procedure 56(e)(2) discusses the obligation of a party opposing a motion for summary judgment to respond, stating:

> an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Finally, a Plaintiff's pro se status doesn't "'entitle him to disregard the Federal Rules of Civil Procedure,' even without affirmative notice of the application of the rules to his case." Bennett v. Dr Pepper / Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (citing Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir. 2000) (stating that a pro se status who had "followed the rules" previously cannot now argue that he should be excused from these rules because of his pro se status).

It is abundantly clear that Plaintiff knew of the importance of timely filing.  Throughout this litigation, Plaintiff filed several motions with this Court to continue various deadlines, including the time in which to respond to a previously-filed summary judgment motion.  See e.g. Docket 57 (granted); Docket 86 (granted); Docket 92 (granted).  In this way, Plaintiff has demonstrated to the Court that he knows how to request a deadline extension from this Court, yet he failed to do so in this instance.  See Bennett, 295 F.3d at 808 (stating that the Eighth Circuit does not require courts to affirmatively notify pro se litigants of the response deadline or the implications of failing to respond to a summary judgment motion).  Plaintiff is not currently incarcerated or otherwise limited in his access to information, and he has

demonstrated from his various filings with this Court that he is reasonably articulate and able to communicate his needs and requests to the Court. Finally, the twenty-day response rule was clear from the Court's standing order, and the record shows that Plaintiff knew that he must file a response to a summary judgment within a short amount of time.

Defendants filed their summary judgment motion on May 14, 2008. Twenty days have passed without any reply from the Plaintiff or request to extend his time to reply.  In accordance with Fed. R. Civ. P. 56, the Court has concluded that Plaintiff has failed to meet his burden of demonstrating that there is a genuine dispute of material fact.  Therefore, good cause appearing, it is hereby

ORDERED that Defendant City of Sturgis and Officer Drew Grotti's motion for summary judgment, Docket 122, is GRANTED.

Dated June 12, 2008.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE