UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ALAN CLYDE STEELE,<br><br>    Plaintiff,<br><br> vs.<br><br>MEADE COUNTY JAIL OFFICIALS;<br>CITY OF STURGIS;<br>MEADE COUNTY SHERIFF'S<br>DEPARTMENT;<br>DR. SEAN M. ATKINSON;<br>OFFICER DREW GROTTI;<br>TOM WILTS, Jail Administrator;<br>JERRY PRICE;<br>LAURINDA HATHORN<br><br>    Defendants. | Civ. 06-5087-AWB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

    Plaintiff Alan Clyde Steele filed this action under 42 U.S.C. § 1983 seeking remedies for violations of his civil rights. On June 11, 2008, this Court granted summary judgment in favor of Defendant Meade County Officials, Meade County Sheriff's Department, Jail Administrator Tom Wilts, Jerry Price, and Laurinda Hathorn. Docket 136. On June 13, 2008, this Court granted summary judgment in favor of the City of Sturgis and Officer Drew Grotti. Docket 143.

    The remaining Defendant, Dr. Sean M. Atkinson, has filed a motion for summary judgment and supporting documentation. Docket 132, 133, 134, 163. Steele has filed materials opposing the motion. Docket 160, 161, 162. This matter is now fully briefed and ripe for disposition.

**FACTUAL BACKGROUND**

Following are the facts viewed in the light most favorable to Steele, the nonmoving party:

Steele was arrested on November 20, 2004, and transported to the Meade County Jail.  At 2:30 p.m. on the day of the arrest, jail officials transported Steele to the Sturgis Community Healthcare Center Emergency Room, because the jail was concerned about Steele undergoing withdrawal symptoms from high-dose prescription narcotics.  Atkinson was the physician on duty at the emergency room, and he examined Steele in the center's emergency room.

During the examination, Steele told Atkinson that he had been under the care of Dr. Donald Burnap for chronic pain, and that Dr. Burnap had written Steele several prescriptions for painkillers.  It is possible that the jail staff who were aware of Steele's current prescriptions for pain medication may have shared this with Atkinson as well.  Atkinson did not call Dr. Burnap or the Walmart pharmacy regarding the prescriptions, and he subsequently refused to prescribe any pain medication to Steele.  Steele states that Atkinson was "very hostile to me and [refused] to believe what I was telling him about my medical condition and the medications I was taking under Dr. Burnap's care." Docket 162 ¶ 4; see also Plaintiff's Statement of Facts, Docket 161, ¶ 9.  Steele states that Atkinson intentionally misdiagnosed him as suffering from narcotic abuse.  Affidavit of Alan Clyde Steele, Docket 161, page 6.  Finally, Steele claims that he suffered "a great deal" both physically

2

and emotionally as a result of withdrawal from the narcotics prescriptions. Id.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, the court views the evidence presented based upon which party has the burden of proof under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## DISCUSSION

**A. Federal Constitutional Claims**

In support of his summary judgment motion regarding Steele's federal

claims, Atkinson asserts first that there was no state action, as required under 42 U.S.C. § 1983. Docket 133, page 5-7. In the alternative, if the Court finds that Atkinson's conduct constituted state action, Atkinson argues that Steele has not demonstrated that he acted with deliberate indifference. Id. at 7-8.

Steele argues that Atkinson was "a willful participant in a joint activity with the state or its agents," which therefore renders Atkinson a state actor and his conduct state action. Docket 160, page 2 (citing West v. Atkins, 108 S. Ct. 2250 (1988) and Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)). Regarding Atkinson's deliberate indifference argument, Steele states that Atkinson's failure to treat Steele, presumably his refusal to prescribe pain medication, along with "his hostile actions towards me," constituted deliberate indifference. Docket 160, page 2-3. In his affidavit, Steele states that he did indeed suffer from withdrawal symptoms and severe pain as a result of Atkinson's refusal to prescribe pain medication. Docket 161 ¶¶ 10, 11, 17.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment, and 42 U.S.C. § 1983 provides the vehicle by which a state prisoner may allege a violation of his Eighth Amendment rights because of inadequate medical treatment. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). For a plaintiff to successfully make a § 1983 claim in such a situation, that plaintiff must demonstrate both that

the constitutional violation was the result of state action, and that the state actor's conduct rose to the level of deliberate indifference.  West v. Atkins, 487 U.S. 72, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (state action); Estelle, 429 U.S. at 104-105 (deliberate indifference).  Pretrial detainees like Steele are protected from unconstitutional conditions of their confinement by the Fourteenth Amendment, which provides the same protection to pretrial detainees that the Eighth Amendment provides to imprisoned convicts.  Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007).

As the Court concludes that Steele can prove no set of facts to demonstrate that Atkinson acted with deliberate indifference, summary judgment for Atkinson on the federal claims is required.  Consequently, the Court need not decide at this time whether Atkinson's conduct was state action under § 1983.[1]

---

[1] The Supreme Court has held that medical treatment of prisoners by prison doctors who are under contract with the state to provide such care is fairly attributable to the state, and thus is state action for the purposes of a § 1983 claim. West v. Atkins, 487 U.S. 72, 108 S. Ct. 2250, 101 L. Ed. 2d 40, 54 (1988).  Since West, courts have examined whether the rule of West extends the umbrella of state action so far as to include the actions of private physicians who are not under contract with the jail.  Gallegos v. Slidell Police Dept., 2008 WL 1794170 (E.D. La. 2008) (finding no state action when "Plaintiff does not allege that the medical defendants treated him pursuant to a contract with a government entity, and he apparently was not treated at a police station or jail but at a hospital"); Griffis v. Medford, 2007 WL 2752373, *6 (W.D. Ark. 2007) (finding that "a private physician treating an inmate at a private facility utilizing his independent medical judgment does not act under color of state law for purposes of § 1983"); Sykes v. McPhillips, 412 F. Supp. 2d 197, 203-04 (N.D.N.Y. 2006) (finding no state action when doctor "engaged in a single encounter with a prisoner presented for emergency treatment, which he was obligated under [federal] law to provide"); Williams v. Brann, 2006 WL 1518979, *4 (E.D. Wis. 2006) (finding no state action when doctor was employed by private company who did not contract with the state, and when there was no evidence that doctor was acting in concert with sheriff's department); Conway v. Stancofski,

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). However, to demonstrate deliberate indifference, a plaintiff must allege more than "an inadvertent failure to provide adequate medical care" or negligence "in diagnosing or treating a medical condition." Id. at 105-06. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id.

Even if Steele could demonstrate that his pain disorder or withdrawal symptoms constituted an "objectively serious medical need," this Court does not believe that Steele could show that Atkinson acted with deliberate indifference under the facts alleged here. See Meiur v. Greene County Jail Employees, 487 F.3d 1115, 1118 (8th Cir. 2007). A mere difference of

---

2005 WL 2183162, *1 (D. Del. 2005) (dismissing complaint against private doctor at private entity because plaintiff had failed to allege that doctor is a state actor); cf. Connor v. Donnelly, 42 F.3d 220 (4th Cir. 1994) (holding that private physicians who treat state prisoners without a contract are state actors because of their function of providing medical care on behalf of the state and with the state's authorization); Anglin v. City of Aspen, Colo., 552 F.Supp.2d 1229, 1241-44 (D. Colo. 2008) (finding state action because the state "delegated its constitutional duties [to provide adequate medical treatment] to the professional judgment of others"); Jackson v. East Bay Hosp., 980 F. Supp. 1341, 1356-57 (N.D. Cal. 1997) (stating that a § 1983 claim may be brought against a private doctor in a private hospital, but finding that there was not a sufficiently close nexus between the state and the challenged action in that case); Bellecourt v. United States, 784 F. Supp. 623 (D. Minn. 1992) (finding that private doctor who was an "independent contractor" with the BOP was a state actor for purposes of a Bivens action). From these cases, the Court can discern no consistent rule regarding whether a private doctor at a private facility is a state actor under § 1983. However, as the Court concludes that Plaintiff can prove no set of facts to demonstrate that Atkinson acted with deliberate indifference, summary judgment for Atkinson is justified on that ground.

opinion regarding an inmate's course of treatment does not rise to the level of deliberate indifference.  Steele v. Weber, 278 Fed. Appx. 699, 2008 WL 2098059, *1 (8th Cir. 2008) (citing Pietrafeso v. Lawrence County, S.D., 452 F.3d 978, 983 (8th Cir. 2006) and Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995)).  The plaintiff has the burden of showing "that the prison's medical staff deliberately disregarded the inmate's needs by administering an inadequate treatment."  Meiur, 487 F.3d at 1119 (citing Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (stating that "inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment")).

In this case, Steele alleges that Atkinson "was very rude to him that day in the ER"; that Atkinson failed to treat Steele or prescribe him any medications for his pain condition or for his withdrawal symptoms; that Atkinson should have called Dr. Burnap or the WalMart Pharmacy to confirm Steele's current valid prescriptions; and that Atkinson "intentionally mis-diagnosed" Steele as suffering from "narcotic abuse."  Docket 161, page 3-4.  These allegations, even if true, would not constitute deliberate indifference.  Thus, it is clear to this Court that Atkinson did not act with deliberate indifference by deliberately disregarding Steele's needs by administering an inadequate treatment.  See Meiur, 487 F.3d at 1119.  At the most, Steele's allegations, if proven, may constitute malpractice; however, not even medical

malpractice is sufficient by itself to meet the high standard of deliberate indifference.  See Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002) (stating that "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation").

The Court's conclusion that Atkinson did not act with deliberate indifference is further bolstered by the Eighth Circuit's decision in Steele v. Weber.  2008 WL 2097059.  Evaluating a § 1983 claim brought by Steele against defendants at the South Dakota State Penitentiary, the Eighth Circuit determined that summary judgment for defendants was required on the question of whether the refusal of doctors at the South Dakota State Penitentiary to prescribe high-dose narcotic pain medication for his pain disorder violated Steele's Eighth Amendment rights.  Steele, 2008 WL 2098059, *1.  "[T]he record shows a mere disagreement with the course of treatment . . . and does not support a conclusion that the prison's treatment was unreasonable."  Id.  Thus, said the Eighth Circuit, summary judgment for defendants was warranted.

The Court reaches the same conclusion here, where Steele can only state facts that Atkinson disagreed with the course of treatment preferred by Steele and his previous doctor.  Such is not a constitutional violation actionable under § 1983.  As Plaintiff can prove no set of facts alleged which would establish that Atkinson acted with deliberate indifference, the Court grants Atkinson's motion for summary judgment on the federal claims.

## B. State Malpractice Claim

In his complaint, Steele includes a malpractice claim against Atkinson brought under state law.  Docket 89, ¶¶ 14-17.  28 U.S.C. § 1367(a) states that district courts have supplemental jurisdiction "over [state] claims that are so related to [federal] claims in the action . . . that they form part of the same case or controversy[.]"  However, the court may decline to exercise supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (stating that "a federal court should consider and weigh in each case . . . the values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction); Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8th Cir. 1997) (stating that "[i]n most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity and to promote justice between the parties").

It is clear to this Court that it has supplemental jurisdiction over Steele's state malpractice claim by virtue of its connection to Steele's federal claims.  However, as today the Court grants summary judgment to Atkinson on all of Steele's federal claims, it refuses to exercise supplemental

jurisdiction over Steele's state claim against Atkinson. The principles of judicial economy, comity, justice between the parties, and avoidance of needless decisions of state law weigh against exercising supplemental jurisdiction over Steele's state claim; consequently, the Court dismisses Steele's state malpractice claim against Atkinson.

Therefore, good cause appearing, it is hereby

ORDERED that Defendant Atkinson's motion for summary judgment, Docket 132, is GRANTED with regard to Plaintiff's federal claims.

IT IS FURTHER ORDERED that Plaintiff's state malpractice claim is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to extend discovery deadlines, Docket 126, is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel to assist with discovery depositions, Docket 117, is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's motion to subpoena an expert witness, Docket 112, is DENIED AS MOOT.

Dated September 18, 2008.

BY THE COURT:

/s/ Andrew W. Bogue
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE